UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARL WARNER, | | Case No.: 16-cv-1924-BEN (DHB) |
| | Plaintiff, | |
| | | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH** |
| v. | | |
| P. VELARDI, et al., | | |
| | Defendants. | **[ECF NO. 16]** |

Currently before the Court is Plaintiff Earl Warner's ("Plaintiff") Objection and Request for Quashing or Modifying Subpoena. (ECF No. 16.) Defendants P. Velardi and Dr. Cook (collectively "Defendants") opposed the motion. (ECF No. 19.) Having considered the parties' submissions, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

## I. BACKGROUND

Plaintiff, a state prisoner, is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, on or about July 26, 2012, he broke his hand by hitting a cement wall within his cell quarters. (ECF No. 1 at 10.) Plaintiff claims Nurse Velardi violated his Eighth Amendment rights by failing to

provide Plaintiff pain medication and failing to have an x-ray taken of Plaintiff's hand immediately. (*Id.* at 11-12.) She also claims Dr. Cook violated his Eight Amendment rights when he failed to provide Plaintiff pain medication and failed to properly cast Plaintiff's hand. (*Id.* at 13.)

On May 19, 2017, Defendants issued a subpoena to the custodian of records at Sierra Conservation Center (Central File) ("Sierra") seeking records as follows:

> "Any and all physical and electronic medical records (whether created by CDCR staff or private medical providers) pertaining to Earl Warner (CDCR # E-32637) from the first date of any treatment or evaluation to the present, including, but not limited to, physicians notes, physicians orders, physicians reports, nurses notes, nurses orders, nurses reports, laboratory test reports, radiology reports (such as X-rays, MRIs, CT scans, etc.), physician requests for records, medical chronos, diagnostic test results, specialist consultant reports, pharmacy records, (including prescription logs and medication administration records), and any order types of medical document, note, or report which pertain to the following Patient:
> Name: Earl Warner (CDCR # E-32637)".

(ECF No. 16 at 5.) Defendants also requested the "Entire Central File (minus the 'Confidential' portion) of Earl Warner, CDCR No. E-32637." (*Id.* at 6.) Upon receipt of the subpoena, Plaintiff notified the custodian of records and litigation coordinator at Sierra Conservation Center to not produce the documents Defendants requested unless under court order on May 31, 2017. (*Id.* at 8.)

On June 6, 2017, Plaintiff, proceeding *pro se*, filed a document *nunc pro tunc* entitled "Plaintiff's Objection and Request for Quashing or Modifying Subpoena." (ECF No. 16.) Plaintiff argues that Defendants' request for his central file is overbroad, vague, uncertain, and irrelevant. (*Id.* at 1.) Specifically, he believes the request does not describe with reasonable particularity the items to be inspected as mandated under Federal Rule of Civil Procedure 34(b) and is beyond the scope of appropriate discovery under Rule 26(b). (*Id.* at 1, 3.) In addition, Plaintiff argues that Defendants' request for all his medical records is not relevant to any claim or defense here and is overbroad, vague, and ambiguous as to the scope in time for Plaintiff's treatments. (*Id.* at 3.) Plaintiff contends he has a right of

privacy in his medical records; and he further objects that any documents produced should not be delivered to Ace Imaging Technologies, Inc. ("Ace"), a third party used by the Attorney General's Office to facilitate discovery. (*Id.* at 2-3.) Lastly, Plaintiff claims that Defendants did not properly serve the subpoena on Plaintiff or the custodian of records as the subpoena was received by regular, non-legal mail instead of certified legal mail. (*Id.* at 2.)

On June 26, 2016, the Court issued an order setting a briefing schedule and setting a case management conference. (ECF No. 18.) The order continued the case management conference from June 28, 2017 at 1:30 p.m. to August 9, 2017 at 1:30 p.m. *Id.* It also ordered Defendants to file a response to Plaintiff's Objection and Request for Quashing or Modifying Subpoena no later than July 12, 2017. *Id.*

On July 6, 2017, Defendants filed their Opposition to Plaintiff's motion to quash. (ECF No. 19.) In their opposition, Defendants contend that their subpoena for medical records is proper because the requested information is relevant, proportional, and not privileged. (*Id.* at 2-3.) Specifically, Defendants assert that the subpoena for Plaintiff's medical records is proper since Plaintiff's claim places his health at issue, is proportional as it seeks evidence relevant to the needs of the case, and does not seek privileged material. (*Id.* at 3.) Defendants note that the subpoena, as currently drafted, does not request records from psychotherapists, but the Defendants indicate that they will clarify this point with the litigation coordinator at the California Institute for Men ("CIM").[1] *Ibid.* Defendants then assert that using Ace is appropriate and Plaintiff's argument lacks merit as Ace is a professional legal services company which provides subpoena/copying services to the Attorney General's Office around California and elsewhere. *Ibid.* Lastly, Defendants

---

[1] Although the instant subpoena was sent to the custodian of records at Sierra, Defendants indicate, in their opposition, that it appeared as though Plaintiff and his medical records may be transferred from Sierra to CIM. To the extent that occurred, the Court orders the Defendants to correspond with the relevant party.

express their willingness to withdraw their request for Plaintiff's central file at this point.[2] (*Id.* at 3-4.)

## II.    DISCUSSION

### a.  Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed.R.Civ.P. 34(a)(1).

Generally, HIPAA prohibits disclosure of private medical data.  "Except as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected health information without an authorization that is valid under this section." 45 C.F.R. 164.508(a).    However, 45 C.F.R. 164.508 permits disclosure in certain circumstances including when it is allowed under 45 C.F.R. 164.512.  Pursuant to 45 C.F.R. § 164.512(e)(1), disclosure of records is allowed in judicial proceedings if ordered by the court.  When the subpoena is governed by Federal Rule of Civil Procedure 45, objection to the subpoena is permitted in the form of a motion to quash and/or motion for protective order.  Fed.R.Civ.P. 45(d).

The question of whether Defendants should obtain access to Plaintiff's medical records depends upon whether the confidentiality of these records was waived by putting privileged information "at issue." *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 625-626 (S.D. Cal. 1999), *modified on other grounds*, 196 F.R.D. 562 (S.D. Cal. 1999); *Ferrell v. Glen-Gery Brick*, 678 F.Supp. 111, 112-13 (E.D. Pa. 1987) ("when a party places his or her physical or mental condition in issue, the privacy right is waived").  Privacy rights in

---

[2] In their opposition, Defendants reserve their right to subpoena the central file in the future should information arise during the course of litigation that warrants obtaining such information.  (ECF No. 19 at 3-4.)

medical records are neither fundamental nor absolute. *Whalen v. Roe*, 429 U.S. 589, 603-604 (1977), *see also Seaton v. Mayberg*, 610 F.3d 530, 537 (9th Cir. 2010) (clarifying that the Supreme Court has not established a constitutional right to privacy in medical records). The holder of a privacy right can waive it through a variety of acts, including by instituting a lawsuit. *Id.* Where an individual institutes a lawsuit in which his health and medical records are at issue, release of the records would likely be ordered, even over objection. *See Williams v. Baron*, 2007 WL 433120, at *1 (E.D. Cal. Feb. 5, 2007). When the requested documents are relevant to an action, they must be produced unless they are privileged. *See* Fed.R.Civ.P. 26(b)(1). Under federal law, privilege may be waived when a plaintiff files a lawsuit that places his or her medical condition in issue. *See Thomas v. Carrasco*, 2010 WL 4024930, at *3-4 (E.D. Cal. Oct. 13, 2010).

### b. Analysis

Here, Plaintiff placed his medical condition at issue when he initiated this lawsuit. Specifically, Plaintiff alleges that Defendants' failure to properly diagnose and/or treat his broken right hand constituted an Eighth Amendment violation. (ECF No. 1 at 17 ¶ 69.) For that reason, the Court finds Plaintiff has placed the medical condition of his right hand at issue, thereby waiving any privacy interest or HIPAA protection in those records. The Court agrees with Defendants that because Plaintiff's complaint asserts an Eighth Amendment violation premised on Defendants' deliberate indifference to Plaintiff's serious medical needs, thus his medical records are directly relevant to the action. The Court notes that, in their papers, Defendants have stated no good cause reason to produce medical records other than those pertaining to Plaintiff's injured right hand. Therefore, production shall be limited to the injured right hand. Accordingly, the Court hereby orders the relevant custodian of records to produce Plaintiff's medical record pertaining only to his right hand injury and any related treatment rendered.

Moreover, the Defendants did not request Plaintiff's mental health records. Based upon Defendants' current position, the Court orders that Plaintiff's mental health records shall not be produced. After reviewing the proof of service form, the Court also finds that

5

Defendants' service of the instant subpoena complied with Federal Rule of Civil Procedure 45(b). The Court furthermore finds that Defendants' command that Plaintiff's medical records be produced to Ace is proper as it complies with Federal Rule of Civil Procedure 45(c)(2). Accordingly, Plaintiff's motion to quash the subpoena of his medical records is DENIED.

In addition, the Court finds that Defendants have withdrawn their request for Plaintiff's central file at this time. The Court therefore will not render any specific finding pertaining to production of Plaintiff's central file. Nonetheless, the Court GRANTS Plaintiff's motion to quash the production of his central file due to Defendants' withdrawal.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to quash is DENIED IN PART and GRANTED IN PART;

2. Plaintiff's medical record shall be produced to Ace only as it pertains to Plaintiff's right hand injury and any related diagnosis and/or treatment;

3. The relevant litigation coordinator at Sierra and/or CIM shall not produce Plaintiff's mental health records;

4. Plaintiff's central file shall not be produced due to Defendants' withdrawal of request;

5. The custodian of Plaintiff's medical record shall execute a of release of such medical record within fifteen (15) days of service of this order;

6. All parties are cautioned that a failure to comply with this order may result in sanctions under Rules 37(b) or 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: August 7, 2017

LOUISA S PORTER
United States Magistrate Judge

6