UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>                          Plaintiff,<br>v.<br><br>P. VELARDI, et al.,<br><br>                        Defendants. | Case No.: 16-cv-1924-LAB (DHB)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE [ECF No. 40]** |

On February 9, 2018, Plaintiff filed a Request for Appointment of Counsel *nunc pro tunc* to February 7, 2018. (ECF No. 40.) Plaintiff, who is proceeding *pro se* and *in forma pauperis*, argues that appointment is appropriate because this case involves substantial and complex legal and factual questions. (*Id.* at 3.) Plaintiff also argues that he is unable to properly investigate and litigate his case while he is incarcerated. (*Id.* at 3-5)

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Districts courts have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *Id*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "When determining whether 'exceptional circumstances' exist, a court must

consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff has litigated this case for a year and a half without assistance of counsel. In that time, Plaintiff has demonstrated a more than sufficient ability to articulate his claims and understand the arguments, as shown by his amended complaint, various motions, and memorandum in support of his current request. (*See* ECF Nos. 26, 28, 33, 40 at 3-5, 6-9.) Although the legal issues in this case are not complex, Plaintiff's difficulty to examine medical experts, prison hospital staff, and fellow inmates has made prosecuting the case somewhat more complicated. (*Id.* at 6-9.) However, Plaintiff's filings and the docket demonstrate his ability to distinguish his claims against the defendants and to apply relevant law to the facts. (*Id.*) Thus, Plaintiff has demonstrated the ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.

Further, Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff's claims have not yet survived a motion for summary judgment on the merits. *See Garcia v. Smith*, No. 10cv1187 AJB(RBB), 2012 WL 2499003, at *4 (S.D. Cal. June 27, 2012) (denying motion to appoint counsel, finding that although three of the plaintiff's claims survived a motion to dismiss, "it is too early to determine the likelihood of success on the merits," and "[w]ithout more, it is not certain whether any of [the plaintiff's] causes of action will survive summary judgment"). Here, Plaintiff requests appointment of counsel simply to assist him in discovery and present his claim at trial, if reached, in order to raise his credibility before a yet-to-be-empaneled jury. (*See* ECF No. 40 at 6-9.) No summary judgment pleadings have been filed in this case yet. Nonetheless, Plaintiff is in no different position than many *pro se* prisoner litigants. Accordingly, the Court finds that Plaintiff has not demonstrated the "exceptional circumstances" required for the Court to appoint counsel.

In light of Plaintiff's demonstrated ability to articulate his claims and failure to demonstrate a likelihood of success on the merits at this stage, Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: February 12, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge

3

16-cv-1924-LAB (DHB)