UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| EARL WARNER, | Case No.: 16cv1924-LAB (RNB) |
|---|---|
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| P. VELARDI, et al., | |
| Defendants. | |

Plaintiff, state prisoner, Earl Warner is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. Defendants Nurse Practitioner Velardi and Dr. Cook filed a motion for summary judgment. Warner broke his hand when he punched the concrete wall in his cell. He claims Defendants violated his Eighth Amendment rights by failing to provide him with the medical treatment he believes was appropriate. This matter was referred to Magistrate Judge Robert N. Block for report and recommendation. After receiving briefing, on August 14, Judge Block issued his report and recommendation (the "R&R"). It found that plaintiff's allegations against defendants were insufficient to raise a genuine issue of material fact, and recommended granting defendants' motion for summary judgment and dismissing the action with prejudice.

The R&R set a deadline of fourteen days for filing objections. After the R&R was issued, Warner filed a notice saying he had been transferred to a different facility. Because it was not clear whether he had received the R&R, the Court directed that a copy be sent to his new address, and *sua sponte* extended the deadline for objections.

Warner then filed a request (Docket no. 54), supported by an affidavit, asking for a second extension of fifteen more days. The affidavit made clear Warner was prepared to draft objections, but just wanted more time. The Court granted a longer extension than he requested — twenty-five days — making the new deadline October 25. The deadline for objecting to the R&R has passed, however. Warner has filed no objections, nor has he requested additional time to do so.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

The Court **ADOPTS** the R&R's unobjected-to factual findings. A review of those facts shows there is no genuine issue of material fact about whether either Defendant was deliberately indifferent to Warner's serious medical needs. They both offered him treatment for his injury, and medication for the pain. There is no evidence that any delays in treatment were deliberate, or even that they were attributable to these Defendants. The evidence was insufficient to establish an

Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (the Eighth Amendment is violated by "deliberate indifference" to serious medical needs, not mere negligence). The fact that Warner disagreed with their decisions does not establish a claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004) (difference of opinion about appropriate medical treatment does not amount to an Eighth Amendment violation).

The Court has reviewed the R&R, finds it to be correct, and **ADOPTS** it. Defendants' motion for summary judgment is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: November 6, 2018

*[signature]*
Hon. Larry Alan Burns
United States District Judge